**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEREK WILLIAM THOMAS,** | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | No. 3:09-CV-1359-O-BH |
| | ) | |
| **JERRY PATTON, et al.,** | ) | |
| **Defendants.** | ) | **Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is Defendants' *Motion to Dismiss* ("Mot. Dismiss"), filed on October 5, 2009 (doc. 8). Based on the relevant filings and applicable law, the motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) should be **DENIED,** and the motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) should be **GRANTED**

**I. BACKGROUND**

Plaintiff Derek William Thomas, a Federal Air Marshal in the Dallas Field Office, filed this action against Special Agents Jerry Patton, Ernest Brashear, and Harold David Ballinger on July 20, 2009. (Compl. at 1.) He claims that Defendants subjected him to a hostile work environment based on disability (Type 1 Diabetes) and gender, and retaliated against him when he complained to management and Congress.[1] (*Id.*) He further claims that Defendants acted outside the scope of their

---

[1] Although Plaintiff does not invoke any particular statutory or other basis for his claims of discrimination and retaliation, his claims of gender discrimination and retaliation arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 (prohibiting discrimination based on sex) and 2000e-3 (prohibiting retaliation for opposing an unlawful employment action). As a federal employee, his claims of disability discrimination arise under the Rehabilitation Act, 29 U.S.C. §§ 791, 794. *Pinkerton v. Spellings*, 529 F.3d 513, 515 (5th Cir. 2008). *See also Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (explaining that the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, does not apply to federal employees) (cited with approval in *Dark v. Potter*, 293 Fed. App'x 254, 258 n.22 (5th Cir. 2008) (per curiam)). The Rehabilitation Act also governs retaliation claims when the underlying protected activity is based on disability discrimination. *See Calderon v. Potter*, 113 Fed. App'x 586, 592 & n.1 (5th Cir. 2004) (per curiam); *Shannon v. Henderson*, 275 F.3d 42, No. 01-10346, 2001 WL 1223633, at *3 (5th Cir. Sept. 25, 2001) (per curiam table opinion;

employment and are personally responsible for the discrimination and retaliation. (*Id.*) He seeks compensatory and punitive damages, a promotion, paid transfer to a new position, and restoration of expended sick and annual leave. (*Id.*)

On August 4, 2009, each defendant was served with a summons and a copy of the complaint. (*See* Proof of Service, doc. 7.) On October 5, 2009, Defendants moved to dismiss this action for lack of jurisdiction and for failure to state a claim. (*See* Mot. Dismiss at 1-5.) The next day, Plaintiff filed a response.[2] (*See* Docs. 11 and 12.) On October 16, 2009, Defendants filed a reply brief. (*See* Reply Supp. Mot. Dismiss, doc. 15; Obj'n Pl.'s Request for Default, doc. 16.) The issues are now ripe for determination.

## II. RULE 12(b)(1) MOTION TO DISMISS

Defendants move for dismissal under Rule 12(b)(1) but assert no specific jurisdictional argument. (*See* Mot. Dismiss at 1-5.) They present a combined argument that the Court lacks subject matter jurisdiction <u>and</u> Plaintiff has failed to state a claim upon which relief can be granted because (1) they are not proper defendants in this action and (2) Title VII preempts a claim for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.*)

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."

---

text on Westlaw)).

[2] The Court construed Plaintiff's *Motion to Proceed with Civil Action, Amend Compensation, and Supporting Brief* (doc. 12) as Plaintiff's response to the motion to dismiss (hereafter "Pl.'s Resp."). (*See* Order, doc. 14.)

*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

Whether Defendants are proper defendants goes to the merits of the claims, not whether the Court has jurisdiction over them. *See*, *e.g.*, *Webber v. Bureau of Prisons*, 198 Fed. App'x 406, 408 (5th Cir. 2006) (per curiam) (federal tort claim failed in part because the plaintiff had not named the proper defendant); *King v. Forest*, No.3:08-CV-1405-L, 2008 WL 4951049, at *3-4 (N.D. Tex. Nov. 14, 2008) (accepting recommendation of Mag. J.) (civil rights claim failed to state a claim against defendants who were improper parties). The preemption issue is likewise non-jurisdictional. *See Martinez v. Reno*, No. 3:97-CV-0813-P, 1997 WL 786250, at *3 (N.D. Tex. Dec. 15, 1997) (dismissing § 1981 claim by a federal employee for failure to state a claim because "Title VII is the exclusive preemptive judicial remedy for claims of discrimination in federal employment"); *cf. Davis v. Potter*, No. 3:04-CV-2183-BH, 2006 WL 929232, at *8 (N.D. Tex. Apr. 10, 2006) (addressing similar preemption issue under the Civil Service Reform Act of 1978 through Rule 12(b)(6)). When the merits of a claim are intertwined with a jurisdictional argument, the courts properly deny a Rule 12(b)(1) motion and address the merits of the claim under Rule 12(b)(6). *Banks v. Gammon*, No. 3:08-CV-0474-K, 2009 WL 3334621, at *3-5 & n.2 (N.D. Tex. Oct. 14, 2009) (accepting recom-

mendation of Mag. J.) Courts appropriately find jurisdiction and proceed to the merits of asserted claims when there is "the potential for [a] private cause of action." *Canfield v. Baylor Med. Ctr.*, No. 3:05-CV-1828-D, 2006 WL 2460554, at *4 (N.D. Tex. Aug. 23, 2006) (accepting amended recommendation of Mag. J.) (citing *Reeves v. Guiffrida*, 756 F.2d 1141, 1143 (5th Cir.1985); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir.1985)).

Because Defendants' arguments go to the merits of Plaintiff's claims, the Court should deny the Rule 12(b)(1) motion to dismiss.

## III.  RULE 12(b)(6) MOTION TO DISMISS

Defendants also move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. Dismiss at 1-5.)

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide

4

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

**A. Title VII Claims**

Defendants move for dismissal of Plaintiff's claims on grounds that they are not proper defendants for any claim under Title VII. (Mot. Dismiss at 2.)

Although Title VII prohibits discrimination and retaliation in the work place, the proper defendant in an employment discrimination action by a federal employee is the "head of the department, agency, or unit, as appropriate." *See* 42 U.S.C. § 2000e-16(c). Federal Air Marshals are currently under the Department of Homeland Security. *See Vanderpool v. United States*, 84 Fed. Cl. 66, 83 (Fed. Cl. 2008). There is no allegation in Plaintiff's complaint that any named defendant is the head of that department, or of any agency or unit. Plaintiff concedes in his response to the motion to dismiss that Defendants are his "second and third line supervisors." (Pl.'s Resp. at 3.)

Because the individual defendants named in this action are not proper defendants under Title VII, Plaintiff has no plausible Title VII claim against them, and the Title VII claims against them should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). *See Baney v. Gonzales*, No. 3:06-CV-2064-L, 2007 WL 1944462, at *6 (N.D. Tex. June 27, 2007) (accepting recommendation of Mag. J.). .

## B. Rehabilitation Act Claims

Defendants also move for dismissal on grounds that they are not proper defendants for any claim under the Rehabilitation Act. (Mot. Dismiss at 2.)

Federal employees may bring claims of discrimination and retaliation based upon a perceived disability under the Rehabilitation Act. *See Pinkerton v. Spellings*, 529 F.3d 513, 515 (5th Cir. 2008) (addressing disability discrimination claims); *Carter v. Ridge*, 255 Fed. App'x 826, 833 n.7 (5th Cir. 2007) (indicating that retaliation provisions of ADA are incorporated into the Rehabilitation Act). Plaintiff has also failed to name a proper defendant under this statute. *See Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (recognizing that the only proper defendant is "the head of the department, agency, or unit" under the Rehabilitation Act because the Act specifically adopts the procedures set out in § 2000e-16 of Title VII through 29 U.S.C. § 794a(a)(1)). Because Plaintiff has not named a proper defendant for his Rehabilitation Act claims, these claims should also be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## C. *Bivens* Claims

To the extent that Plaintiff "may have appended a *Bivens* action" to his Title VII claims, Defendants also argue that *Bush v. Lucas*, 462 U.S. 367 (1983), and *Brown v. General Services Administration*, 425 U.S. 820 (1976), preclude him from supplementing his Title VII claims with

6

a *Bivens* claim and that he failed to allege a constitutional violation so as to state a claim under *Bivens*. (*See* Mot. Dismiss at 3-5.) Although Plaintiff does not mention *Bivens*, he contends that the defendants "acted outside the scope of their employment and are personally responsible" for discriminating and harassing him. (*See* Comp.) The Court liberally construes his complaint and assumes for purpose of this motion that he raised a *Bivens* claim. *See Davis v. Potter*, No. 3:04-CV-2183-BH, 2006 WL 929232, at *7 (N.D. Tex. Apr. 10, 2006).

In *Bivens*, the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court which is brought pursuant to 28 U.S.C. § 1331. *See* 403 U.S. at 396-97. Prior to 1972, "federal employment discrimination clearly violated both the Constitution and statutory law" but Title VII provided no protection for federal employees. *Brown*, 425 U.S. at 825. However, with amendments in 1972, Title VII became the exclusive means to assert claims of federal employment discrimination for individuals covered by the statute. *See* 425 U.S. at 835; *Davis v. Passman*, 442 U.S. 228, 247 n.26 (1979). Because Plaintiff is protected from discrimination and retaliation by Title VII, he has no viable claim under *Bivens* even if the Court were to construe his complaint as alleging a *Bivens* claim. Given the exclusive remedy of Title VII, Plaintiff has stated no plausible basis for a *Bivens* claim, and it should be dismissed pursuant to Rule 12(b)(6).[3]

---

[3] Although Defendants do not expressly raise this argument with respect to Plaintiff's Rehabilitation Act claims, any *Bivens* claim under the Rehabilitation Act is preempted for the same reasons. *See Burke v. Frank*, 8 F.3d 21, No. 92-5754, 1993 WL 455877, at *1 (5th Cir. Oct. 26, 1993) (per curiam table opinion; text on Westlaw) (recognizing that the Rehabilitation Act "is the exclusive remedy for a federal employee's handicap discrimination claims"); *Lazdowski v. Potter*, No. 5:03-CV-0118-C, 2004 WL 1490059, at *7 (N.D. Tex. July 1, 2004) (recognizing that Title VII and the Rehabilitation Act provide the exclusive remedies for complaints of disability discrimination in the federal employment setting, and dismissing asserted claims under the ADA), *aff'd on other grounds*, 134 Fed. App'x 737 (5th Cir. 2005); *LaPastora v. Employing Agency*, No. 3:97-CV-3188, 2000 WL 739426, at *3 (N.D. Tex. June 7, 2000) (recognizing the Rehabilitation Act as a plaintiff's exclusive remedy for disability discrimination claims in federal employment), *aff'd*, 273 F.3d 1108 (5th Cir. 2001). The Court may *sua sponte* consider this possibility under Fed. R. Civ. P. 12(b)(6) so long as it employs a fair procedure. *See Davis v. Potter*, No. 3:04-CV-2183-BH, 2006 WL 929232, at *8 n.3 (N.D. Tex. Apr.

## IV.  CONCLUSION

Defendants' motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) should be **DENIED.**  The motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) should be **GRANTED**, and Plaintiff's claims against Defendants should be dismissed for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED on this 10th day of November, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

10, 2006).  The time for objection to these findings provides Plaintiff fair and adequate notice that the Court is considering dismissing any *Bivens* claim asserted in connection with his Rehabilitation Act claims.

8